HENRY L. SAWYER COMPANY *vs.* S. K. BOYAJIAN.

Worcester. September 21, 1936. — December 12, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Interrogatories, Authority of attorney. *Attorney at Law.*

Under G. L. (Ter. Ed.) c. 231, § 64, the determination of the question, whether a plaintiff shall be nonsuited for failure properly to answer interrogatories, lies in the discretion of the court.

Where a finding for the plaintiff has been made in an action in which a member of the bar appeared as attorney of record for the plaintiff, a motion then made by the defendant to dismiss the action on the ground that it had been instituted in the name of the plaintiff by an incorporated collection agency in violation of St. 1935, § 346, came too late and properly was denied.

CONTRACT. Writ in the Central District Court of Worcester dated April 5, 1935.

In the District Court, there was a finding for the plaintiff in the sum of $342.72. Reports to the Appellate Division for the Western District by *Hartwell*, J., and *Wall*, J., and the defendant's appeal from the dismissal thereof, are described in the opinion.

*S. K. Boyajian, pro se.*

*C. Prombain*, for the plaintiff.

CROSBY, J. This is an action of contract upon a promissory note for $300.72, brought in the Central District Court of Worcester. The answer is a general denial and allegations of want of consideration, that the note was made for the accommodation of the plaintiff, that it was payable conditionally upon the happening of a certain event, which has not happened, that it was obtained by false and fraudulent representations made by the plaintiff, that the consideration for the note had failed, that the note was cancelled by the plaintiff before any breach of the condition thereof, and, finally, that if the defendant ever owed the plaintiff anything it has been paid in full. There was a finding for the plaintiff. See *Hammond* v. *Boston Terminal Co.* 295 Mass. 566.

The defendant filed a motion for a nonsuit for failure to answer interrogatories. The motion was denied and the defendant duly filed a claim for report. The case came on again for hearing on the defendant's motion to dismiss, which was filed after trial and the finding for the plaintiff, and the defendant duly filed three requests for rulings of law. The motion and the three requests were denied and the defendant duly filed a claim for report. Both reports, and also two reports as to other matters, were dismissed. The defendant appealed from this order as to only two of

the matters reported, namely, the denial of his motion for a nonsuit, and the denial of his motion to dismiss.

A part of the defendant's argument relates to the two matters which were reported to the Appellate Division but were not included in his appeal to this court, as shown by the record. On this appeal only the rulings reported to the Appellate Division and included in the appeal need be considered. *Daniels* v. *Cohen,* 249 Mass. 362, 363, 364. "The appeal from the order of the Appellate Division brings before us for revision only the rulings of law made by the trial judge and reported by him to the Appellate Division, and the action of the Appellate Division thereon." *Massachusetts Building Finish Co. Inc.* v. *Brenner,* 288 Mass. 481, 484.

The first of the two questions upon which an appeal was taken relates to the defendant's motion for a nonsuit for failure to answer interrogatories. The defendant contends that the plaintiff's answers were insufficient and improperly attested, and that therefore the plaintiff should be non-suited. The right of a party to interrogate an adverse party is governed by G. L. (Ter. Ed.) c. 231, § 61 *et seq.* The penalty to be imposed for failure to answer interrogatories properly is to be determined by the sound discretion of the trial judge (§ 64). *Harding* v. *Noyes,* 125 Mass. 572. *Spinney* v. *Boston Elevated Railway,* 188 Mass. 30, and cases cited at page 36. In the present case there is nothing in the record to show that there was an abuse of discretion in the trial judge's denial of the defendant's motion for a nonsuit for failure to answer interrogatories. *Hooton* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 512. The dismissal of the report by the Appellate Division, therefore, is to be affirmed.

The second question relates to the defendant's motion "to strike out the writ, declaration, and findings . . . and dismiss the same; and for his costs." The motion, filed with supporting affidavit, recited that the present action was instituted by an incorporated collection agency in violation of St. 1935, c. 346. At the hearing, the judge

declined to hear arguments in support of this motion unless the defendant contended that the attorney of record for the plaintiff was not a member of the bar. The motion was denied. The defendant filed three requests for rulings which were denied. Without quoting the requested rulings in full, it is sufficient to say that they raised the question of proceedings brought by a duly licensed attorney employed by a collection agency, in violation of the statute against the unauthorized practice of the law. It may be assumed without decision that the alleged conduct of the incorporated collection agency in the present case was an unauthorized practice of the law. It is the contention of the defendant, in substance and effect, that the entire proceedings against him in the present action were rendered void by the manner in which they were instituted, even though there was no objection until after a finding had been made. But few authorities support this position. *Bennie* v. *Triangle Ranch Co.* 73 Colo. 586. In that case two judges of the court dissented from the order dismissing the action. As was held in *Norwood* v. *Dodge*, 215 Mass. 351, 352, the right of an attorney to appear for one of the parties is "a collateral matter having nothing to do with the merits of the case" between the parties. The authorities indicate that proceedings in an action, before any objection is made to the attorney's right to practise, are not vitiated by an attorney's lack of legal authorization. The attorney is thereby made liable to discipline, and his right to recover a fee may be affected; but the proceedings are not rendered void. See *Reeder* v. *Bloom*, 3 Bing. 9; *Sparling* v. *Brereton*, L. R. 2 Eq. 64; *Rader* v. *Snyder*, 3 W. Va. 413, 414. The result here reached is the same as that reached upon facts substantially similar in *People* v. *Purdy*, 221 N. Y. 488. The case at bar is distinguishable from those wherein objection is made to further proceedings conducted by an unauthorized attorney. See *Clifton* v. *Carson Naval Stores Co.* 32 Ga. App. 51; *Ellis* v. *Bingham County*, 7 Idaho, 86, 93; *Robb* v. *Smith*, 4 Ill. 46; *Duysters* v. *Crawford*, 40 Vroom, 229; *New Jersey Photo Engraving Co.* v. *Carl Schonert & Sons, Inc.* 95 N. J. Eq. 12. The report in the

present case shows that the defendant's motion related wholly to proceedings that had been completed at the time the motion was made. The motion was properly denied. The dismissal of the report by the Appellate Division, therefore, is to be affirmed. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 512, and cases cited. *Slocum* **v.** *Natural Products Co.* 292 Mass. 455, 458. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 176.

*Order dismissing reports affirmed.*