**IN RE APPEAL OF HOTEL L'EUROPE**

[116 N.C. App. 651 (1994)]

================

IN THE MATTER OF THE APPEAL OF HOTEL L'EUROPE

No. 9310PTC1150

(Filed 18 October 1994)

**Taxation § 82 (NCI4th)— decline in value of downtown property—economic change—no revaluation of property permitted**

A decline in the value of downtown property and a change in federal tax laws were economic changes affecting the county in general so that appellants were not entitled to a revaluation of their property in a nonreappraisal year. N.C.G.S. § 105-287(a),(b).

**Am Jur 2d, State and Local Taxation §§ 753 et seq.**

Appeal by taxpayers from the Final Decision of the Property Tax Commission entered 1 July 1993. Heard in the Court of Appeals 30 August 1994.

**IN RE APPEAL OF HOTEL L'EUROPE**

[116 N.C. App. 651 (1994)]

*Hartzell & Whiteman, by J. Jerome Hartzell, for Taxpayer-appellants.*

*Durham County Attorney's Office, by Thomas W. Jordan, Jr., for Durham County-appellee.*

GREENE, Judge.

Hotel L'Europe, Inc. and Triangle V, Limited Partnership (Taxpayers) appeal from a decision of the North Carolina Property Tax Commission (the Commission), sitting as the State Board of Equalization and Review which affirmed the decision of the Durham County Board of Equalization and Review (the Board) denying Taxpayer Hotel L'Europe's request of Durham County (County) to revalue its property.

On 22 April 1992, Taxpayer Hotel L'Europe, Inc., who at that time owned three parcels of commercial property in downtown Durham, requested a revaluation of those properties, pursuant to N.C. Gen. Stat. § 105-287. Subsequent to that request and sometime prior to the appeal to this Court, Triangle V, Limited Partnership, purchased certain of these properties and joins with Hotel L'Europe, Inc. in this appeal.

The Commission found as a fact that:

12. The value of the subject parcels has declined since 1 January 1985 [the last general octennial valuation year]. The <u>reasons</u> for this decline in value are: (1) the impact of the 1986 Act on commercial real estate and (2) the decline in property values in central business district areas generally and in downtown Durham in particular.

The Commission concluded as a matter of law that:

1.  The decline in the value of the subject properties during the period 1 January 1985 to 1 January 1992 was caused by economic conditions affecting Durham County generally.

2.  Under the provisions of G.S. 105-287, the Taxpayer is not entitled to a reduction in the appraised values of the properties under appeal in tax year 1992.

---

The issue presented is whether a decline in the value of downtown property and a change in federal tax laws are "economic change[s] affecting the county in general."

**IN RE APPEAL OF HOTEL L'EUROPE**

[116 N.C. App. 651 (1994)]

The North Carolina statutes relating to the appraisal and assessment of property taxes, N.C.G.S. §§ 105-271 to -395.1 (1992), known as the Machinery Act, N.C.G.S. § 105-271, permit revaluation in nonreappraisal years. Specifically, N.C.G.S. § 105-287 provides in pertinent part:

(a) . . . the assessor shall increase or decrease the appraised value of real property . . . to:

(1) Correct a clerical or mathematical error;

(2) Correct an appraisal error resulting from a misapplication of the schedules, standards, and rules used in the county's most recent general reappraisal or horizontal adjustment; or

(3) *Recognize an increase or decrease in the value of the property resulting from a factor other than one listed in subsection (b).*

(b). . . the *assessor may not increase or decrease the appraised value of real property,* as determined under G.S. 105-286, *to recognize a change in value caused by:*

(1) Normal, physical depreciation of improvements;

(2) *Inflation, deflation, or other economic changes affecting the county in general;* or

(3) Betterments to the property made by:

    a. Repainting buildings or other structures;

    b. Terracing or other methods of soil conservation;

    c. Landscape gardening;

    d. Protecting forests against fire; or

    e. Impounding water on marshlands for non-commercial purposes to preserve or enhance the natural habitat of wildlife.

N.C.G.S. § 105-287(a & b) (1992) (emphasis added).

Because the Taxpayers only challenge the Commission's conclusion that the decrease in property values "was caused by economic conditions affecting Durham County generally," we review the decision only for errors of law. N.C.G.S. § 105-345.2(b)(4) (1992); *see In re Appeal of Stroh Brewery,* 116 N.C. App. 178, 447 S.E.2d 803 (1994).

IN RE APPEAL OF HOTEL L'EUROPE

[116 N.C. App. 651 (1994)]

The Taxpayers argue that the reasons found by the Commission for the decrease in value of the property in question are unique to downtown commercial property in Durham and thus do not affect "Durham County generally." The County argues that because the reasons for the decrease in value of the property are in the nature of "economic changes," they necessarily affect the county "in general." We agree with the County.

In determining the meaning of an ambiguous statute, as we have in this case, our goal is to ascertain the intent of the legislature. *In re Hardy*, 294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978). When the legislature amends an ambiguous statute, "no presumption arises that its intent was to change the substance of the original act." *Trustees of Rowan Tech. v. Hammond Assocs.*, 313 N.C. 230, 240, 328 S.E.2d 274, 280 (1985). "Rather, the purpose of the amendment may be merely to 'improve the diction, or to clarify that which was previously doubtful.' " *Id.* In this case, the statute as it existed prior to the 1987 amendment (the present version) prohibited revaluation of real property where the increase or decrease in value was the result of "increases or decreases in the general economy of the county." N.C.G.S. § 105-287(b)(6) (1979) (amended 1987). Our reading of the 1973 statute is that if the increase or decrease in the value of the property was the result of some change in the economy, revaluation was not permitted. The language used in the 1987 version of the statute, while somewhat more specific, in that it includes two examples of economic change (inflation and deflation), does not reflect a legislative intent to change the law. Thus, if the increase or decrease in value of real property is caused by some change in the economy, the property is not subject to revaluation pursuant to Section 105-287.

In this case it is not disputed that the reasons ascribed by the Commission for the decrease in value are in the nature of "economic changes."

Affirmed.

Judges JOHNSON and LEWIS concur.