MARTIN, Chief Judge.
Schwartz & Schwartz, Inc. ("taxpayer") appeals from a decision of the North Carolina Property Tax Commission ("Commission") confirming the Caldwell County Board of Equalization and Review's valuation of taxpayer's property at $5,735,300.
The property subject to this appeal is an abandoned furniture plant located in the city of Lenoir, Caldwell County, North Carolina. The property contains 1,141,491 square feet of building area on approximately 43.5 acres. Caldwell County conducted a general reappraisal of all property within its jurisdiction effective 1 January 2001, and it valued the subject property at $7,871,700.
Taxpayer purchased the property on 19 July 2001 for $1,100,000. Taxpayer appealed the 2001 assessment to the 2002 Caldwell County Board of Equalization and Review ("Board"). After a hearing, the Board decreased the assessment to $5,735,300, effective 1 January 2002. Taxpayer appealed the Board's decision to the North Carolina Property Tax Commission, arguing, inter alia, that the Caldwell County tax administrator used an incorrect valuation method in reaching the 2001 figure.
At the Commission hearing, the Caldwell County tax administrator testified that he used the cost valuation method to appraise the property. The cost method values property at its replacement cost less depreciation. He did not use the income method, which values property by its ability to generate income, because the property had been vacant for seven years and had little income history to consider. He did not use the comparable sales method, which looks at recent sales of similar properties, because he could not find sales that were sufficiently similar to this particular property.
Taxpayer put on evidence of similar sales the county could have considered and argued that the comparable sales approach would have provided a more accurate picture of the property's fair market value. Because much of the factory was functionally obsolete and would not be rebuilt, taxpayer claimed, replacement cost greatly overvalued its true worth. Therefore, use of the cost method constituted "an appraisal error resulting from a misapplication of the schedules, standards, and rules used in the county's most recent general reappraisal," violating G.S. § 105-287. N.C. Gen.Stat. § 105-287(a)(2).
The Property Tax Commission found, inter alia, that Caldwell County properly applied its schedule of values, standards, and rules to Taxpayer's property consistent with the County's appraisal of similar properties. Based on its findings, the Commission concluded that Taxpayer failed to show by competent, material, and substantial evidence that it was entitled to a change in the appraised value of the subject property under the conditions of G.S. § 105-287(a).
Caldwell County conducts general reappraisals of real property within its jurisdiction every four years. The most recent reappraisal took place in 2001; this appeal, however, involves property taxes for tax year 2002, a non-general reappraisal year. N.C. Gen.Stat. § 105-287 limits valuation adjustments between general reappraisal years, and the North Carolina Supreme Court has held that the Property Tax Commission's appellate authority is limited by this statute. In re Allred, 351 N.C. 1, 8, 519 S.E.2d 52, 56 (1999). N.C. Gen.Stat. § 105-287(a) states, in pertinent part:
(a) In a year in which a general reappraisal or horizontal adjustment of real property in the county is not made, the assessor shall increase or decrease the appraised value of real property, as determined under G.S. 105-286, to recognize a change in the property's value resulting from one or *854 more of the reasons listed in this subsection....
(1) Correct a clerical or mathematical error.
(2) Correct an appraisal error resulting from a misapplication of the schedules, standards, and rules used in the county's most recent general reappraisal or horizontal adjustment.
...
(3) Recognize an increase or decrease in the value of the property resulting from a factor other than one listed in subsection (b).
(b) In a year in which a general reappraisal or horizontal adjustment of real property in the county is not made, the assessor may not increase or decrease the appraised value of real property, as determined under G.S. 105-286, to recognize a change in value caused by:
(1) Normal, physical depreciation of improvements;
(2) Inflation, deflation, or other economic changes affecting the county in general; or
(3) Betterments to the property....
N.C. Gen.Stat. § 105-287.
Taxpayer presented little evidence as to Caldwell County's "schedules, standards, and rules." Id. They were not included in the record on appeal, and the testimonial evidence regarding these schedules and standards was sparse. Our review is limited to "the record on appeal and the verbatim transcript of the proceedings." N.C. R.App. P. 9(a). Without these schedules, standards, and rules in the record before us, we cannot determine whether using the cost method of valuation instead of the comparable sales method violated the county's approved 2001 appraisal methods.
Taxpayer did present expert testimony to the Commission on the property's value using the comparable sales approach. However, our Supreme Court has held that, "the Commission's reliance upon an independent appraiser's collateral determination of the petitioners' property value, without challenge or correlation to the County's schedules of value or the application of those schedules to the property, was in violation of the statutory requirement of section 105-287." In re Allred, 351 N.C. at 10, 519 S.E.2d at 57.
For this Court to reverse the Commission's decision, appellant must show that the Commission's findings were:
(1) In violation of constitutional provisions; or
(2) In excess of statutory authority or jurisdiction of the Commission; or
(3) Made upon unlawful proceedings; or
(4) Affected by other errors of law; or
(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
(6) Arbitrary or capricious.
N.C. Gen.Stat. § 105-345.2(b). Without record evidence as to the county's 2001 appraisal schedules, we are unable to determine that appellant taxpayer has met its statutory burden.
Taxpayer has also argued that a decrease in the value of similar properties combined with a purchase price at 80% less than the appraised value constituted a non-prohibited change in value under section 105-287(a)(3). We disagree. Declining property values have been found to be "economic changes affecting the county in general," which is a prohibited reason for revaluing property in a non-general reappraisal year under section 105-287(b)(2). N.C. Gen.Stat. § 105-287(b)(2); In re Hotel L'Europe, 116 N.C.App. 651, 654, 448 S.E.2d 865, 866 (1994), cert. denied, 339 N.C. 612, 454 S.E.2d 252 (1995). A purchase price of the subject property at less than the appraised value alone is not "`a factor' from which an increase or decrease in value results within the meaning of section 105-287(a)(3)." In re Allred, 351 N.C. 1, 13, 519 S.E.2d 52, 59 (1999) (quoting N.C. Gen.Stat. § 105-287(a)(3)).
Because we find that taxpayer has not met its burden under G.S. § 105-287, we do not address taxpayer's further arguments.
For the reasons stated, the order of the Property Tax Commission confirming the decision *855 of the 2002 Caldwell County Board of Equalization and Review is affirmed.
Affirmed.
Judges TIMMONS-GOODSON and HUDSON concur.