622 S.E.2d 746

**THE ROOF DOCTOR, INC., Appellant,**

v.

**BIRCHWOOD HOLDINGS, LTD., Respondent.**

**No. 4050.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2005.

Decided Nov. 21, 2005.

Bruce Robert Hoffman, of St. Helena Island, for Appellant.

James E. Weatherholtz, of Charleston, for Respondent.

STILWELL, J.:

The Roof Doctor, Inc. filed this action in magistrate's court alleging Birchwood Holdings, Ltd. breached a contract. Birchwood's answer contained a general denial and a counterclaim. The magistrate entered judgment for Roof Doctor, but reduced the award based on Birchwood's counterclaim. The magistrate denied Roof Doctor's motion for reconsideration. Roof Doctor appealed to the circuit court. The circuit court ruled that an alleged unauthorized practice of law by Birchwood was not a ground for reversal or voidance of the magistrate's judgment. Roof Doctor appeals. We affirm in result.[1]

## FACTS

Roof Doctor sued Birchwood alleging it failed to pay for roofing work done pursuant to contract. Birchwood answered, counterclaiming for damages allegedly caused by Roof Doctor. Birchwood's answer was accompanied by a letter to Chief Magistrate Richard B. Wood. The letter, written by counsel for Birchwood, stated in part:

I have assisted with the drafting of this Answer, but Defendant Birchwood Holdings, LTD has decided to appear for this hearing without representation. As I understand the law, a corporation is permitted to appear and defend itself in Magistrate's Court without an attorney. In the present case, Mr. Ray Jacobs would like to appear on behalf of Birchwood Holdings, LTD. Please let me know if this will pose a problem. In addition, should you require further

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

proof of Mr. Jacobs' status as a company employee or specific authorization from Birchwood Holdings, LTD, please notify me at your convenience.

Michael J. McEachern, who signed the complaint as the president of Roof Doctor, was sent a copy of the letter.

Magistrate Kenneth A. Campbell, Jr. presided over the bench trial. In his return, the magistrate found:

Present at the hearing was [Roof Doctor] represented by Mr. Michael J. McEachern and [Birchwood] being represented by Mr. Ray Jacobs. Prior to the start of the hearing [Roof Doctor] raised the issue of the representation by Mr. Jacobs. [Roof Doctor] was given the opportunity to continue the matter to allow [Birchwood] to [r]etain an attorney or authorization. [Roof Doctor] indicated [it] did not wish to have the case continued.

The magistrate found for Roof Doctor, but reduced the award because he found for Birchwood on its counterclaim. Following the magistrate's ruling, Roof Doctor moved for reconsideration, arguing, *inter alia:*

**Neither the lower courts nor the parties appearing before them can waive certain rulings of the Supreme Court.** Finally, a technical point: Mr. Jacobs was not authorized by Birchwood ... to represent their interests in the case here. While we went ahead despite this deficiency, it was neither my right nor yours [the magistrate's] to waive the requirement. This is so simply because the proceeding could never be binding on Birchwood ... i.e. if the judgment did not suit them, they were entirely free under our Supreme Court's ruling in *In re the Unauthorized Practice of Law,* 309 S.C. 304, 422 S.E.2d 123 (1992), to disavow it.

Roof Doctor asked for additional damages or a rehearing before a jury. The magistrate denied the motion for reconsideration.[2]

On appeal to the circuit court, Roof Doctor raised issues of merit regarding the breach of contract action and again raised

---

2. Roof Doctor initially appealed directly to the South Carolina Supreme Court. The supreme court issued an order dismissing the appeal, stating "Because these issues can be raised to the lower courts in the course of this action, we deny McEachern's request to address them in this Court's original jurisdiction."

the issue of Mr. Jacobs' authorization to represent Birchwood. At the hearing, Roof Doctor abandoned all issues except the issue of Mr. Jacobs' alleged unauthorized practice of law. Roof Doctor argued that any actions by Birchwood at the trial in magistrate's court, as allegedly unauthorized, were invalid and therefore Birchwood did not appear at the hearing and the circuit court should enter judgment in favor of Roof Doctor. The circuit court stated on the record:

I think that it is within the Magistrate's discretion as to decide whether or not the authorization has been properly made, and that ... on the circumstances of this case, the judgment cannot be collaterally attacked based on the Magistrate's ... alleged failure to properly decide this question. Once the Magistrate decides that the authorization is proper, that ends it. And ... secondly, ... I think there's a reasonable basis on which the Magistrate could have found that ... Jacobs was properly authorized to represent Birchwood.

In the written order, however, the circuit court merely stated: "The decision to allow Jacobs to represent Birchwood is supported by the evidence. Appeal affirmed."

## LAW/ANALYSIS

■ Roof Doctor argues the order on appeal is invalid because Birchwood participated in the unauthorized practice of law.[3] In support of its argument, Roof Doctor asserts the letter from Birchwood's counsel does not satisfy *In re Unauthorized Practice of Law*, which lists specific representatives that may provide written authorization on behalf of the business entity for non-lawyer representation. Roof Doctor also argues the magistrate did not have the authority to allow the matter to proceed absent such written authorization.

■ Our supreme court has the constitutional duty to regulate the practice of law in South Carolina and accordingly has the power to define what constitutes the unauthorized practice of law. *See* S.C. Const. Art. V, § 4; *Renaissance Enters. v. Summit Teleservices, Inc.*, 334 S.C. 649, 651–52, 515 S.E.2d 257, 258 (1999). Modifying the long-standing rule that prohib-

---

**3.** Although Roof Doctor argues the order is invalid, it does not request the order be declared void. Rather, it requests this court reverse and remand for either a new trial or for entry of default.

ited non-lawyers from representing businesses, the South Carolina Supreme Court now permits business entities to be represented by non-lawyers in civil magistrate court proceedings. *In re Unauthorized Practice of Law,* 309 S.C. 304, 306, 422 S.E.2d 123, 124 (modifying *State v. Wells,* 191 S.C. 468, 5 S.E.2d 181 (1939)).

In allowing the non-lawyer representation, the court mandated: "The magistrate shall require a written authorization from the entity's president, chairperson, general partner, owner or chief executive officer ... before permitting such representation." *Id.* The court did not address the issue of a remedy if the written authorization was not obtained. *Id.* The court has, however, visited the issue of remedies where, unlike here, the unauthorized practice of law constituted part of the underlying contract in dispute. *See Linder v. Ins. Claims Consultants, Inc.,* 348 S.C. 477, 560 S.E.2d 612 (2002).

In *Linder,* Mr. and Mrs. Linder suffered property loss from a fire at their home. While their claim was being adjusted by their insurance carrier, the Linders consulted a public insurance adjusting firm, Insurance Claims Consultants (ICC), regarding its interpretation of what items should be covered under their policy. The Linders entered into a contract with ICC and requested their insurer deal directly with ICC. After executing the contract with ICC, the Linders released the lawyer they had retained. *Id.* at 483–84, 560 S.E.2d at 616. When the Linders failed to pay the fee to ICC, ICC sued them. The Linders answered, asserting, *inter alia,* that ICC engaged in the unauthorized practice of law and the contract between them was void. In addition, the Linders sought damages in tort from ICC. The Linders also filed a declaratory judgment action in the South Carolina Supreme Court. *Id.* at 485–86, 560 S.E.2d at 617.

The supreme court found that public insurance adjusting did not, per se, constitute the unauthorized practice of law. *Id.* at 491, 560 S.E.2d at 620. The court found, however, that ICC did more than public adjusting and that some of its activities constituted the unauthorized practice of law. *Id.* at 494–95, 560 S.E.2d at 621–22. The court found the contract between the Linders and ICC was not void as a matter of law. The court concluded that ICC was not entitled to the compensation for ICC's services to the Linders that constituted the unautho-

rized practice of law. *Id.* at 495–96, 560 S.E.2d at 622. The court stated:

> The most appropriate manner in which to sanction [ICC] for [its] transgressions is for the trial court, in the underlying action, to determine the value of [ICC's] work which did not constitute the unauthorized practice of law. [ICC is] entitled to that amount, but [is] not to be compensated for any amount attributable to [its] unauthorized activities.

*Id.* at 496, 560 S.E.2d at 622. In considering the Linders' claim for damages in tort, the court found no private right of action for the unauthorized practice of law. *Id.* at 496–97, 560 S.E.2d at 622.

We need not determine if Birchwood participated in the unauthorized practice of law because we agree with the trial court that the issue of unauthorized practice of law in this case is a collateral matter. Unlike in *Linder,* the services performed pursuant to the contract in this case are not alleged to involve the unauthorized practice of law. Rather, the alleged unauthorized practice of law occurred during Birchwood's defense of the action on the contract. Furthermore, the supreme court dismissed Roof Doctor's petition of this matter under the court's original jurisdiction. We conclude our supreme court has not yet addressed the issue of a remedy in the circumstances present in this case. We accordingly look to foreign jurisdictions for guidance.

In *Sawyer Co. v. Boyajian,* the Supreme Judicial Court of Massachusetts discussed this issue. 296 Mass. 215, 5 N.E.2d 348 (1936). As we have here, the *Sawyer* court found it unnecessary to determine whether the alleged improper actions constituted the unauthorized practice of law and stated:

> It may be assumed without decision that the alleged conduct ... was an unauthorized practice of the law. It is the contention of the defendant, in substance and effect, that the entire proceedings ... were rendered void ... even though there was no objection until after a finding had been made. But few authorities support this position.... The authorities indicate that proceedings in an action, before any objection is made ... are not vitiated by ... [the unauthorized practice of law].

*Id.* at 350. The court also stated: "The case at bar is distinguishable from those wherein objection is made to fur-

ther proceedings conducted by an unauthorized attorney." *Id.* In this case, although Roof Doctor raised the issue before the magistrate, Roof Doctor agreed to proceed on the merits.

In a similar case, the North Carolina Court of Appeals likewise assumed, without finding, that there was unauthorized practice of law. *In re Stroh Brewery Co.,* 116 N.C.App. 178, 447 S.E.2d 803, 806 (1994). The court concluded that dismissal of the appeal on the ground of unauthorized practice of law was not "an appropriate remedy." *Id.* The court found the issue was a collateral matter, unrelated to the merits of the appeal. *Id.* The Ninth Circuit Court of Appeals also found a judgment rendered in a case where an unauthorized attorney practiced law is neither void nor subject to reversal. *Alexander v. Robertson,* 882 F.2d 421, 425 (9th Cir.1989).

## CONCLUSION

We agree with the circuit court that any unauthorized practice of law before the magistrate was a collateral matter not entitling Roof Doctor to reversal on appeal. We decline to address whether the circuit court erred in finding Jacobs was authorized to represent Birchwood in magistrate's court. For the foregoing reasons, the order on appeal is

**AFFIRMED IN RESULT.**

HEARN, C.J., and KITTREDGE, J., concur.