**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Blue Star Rental & Sales, Inc., Appellant,

v.

Ridge Environmental, LLC, Respondent.

Appellate Case No. 2011-192411

———————————

Appeal from Aiken County
The Honorable Robert A. Smoak, Jr., Special Referee

———————————

Memorandum Opinion No. 2014-MO-048
Submitted October 15, 2014 – Filed December 10, 2014

———————————

### REVERSED

———————————

Tucker S. Player, of Player Law Firm, LLC, of Columbia, and R. Randy Edwards, of Smyrna, Georgia, for Appellant.

Ridge Environmental, LLC, Respondent, not represented by counsel.

———————————

**JUSTICE HEARN:** Following a bench trial, the court *sua sponte* dismissed the plaintiff's case based on the unauthorized practice of law. The question before us is whether the filing of a summons and complaint by a

corporation's president—a nonlawyer—renders the complaint a nullity or is an amendable defect. We determine it is the latter and reverse and remand for a new trial.

## FACTUAL/PROCEDURAL HISTORY

This case arose from a lease of heavy equipment between Blue Star Rental & Sales, Inc., the lessor, and Ridge Environmental, LLC, the lessee. Blue Star filed a complaint against Ridge for defaulting on the lease and refusing to pay for damage to the machinery. The summons and complaint were signed by Randall Chafin, president of Blue Star, a nonlawyer.

The first time an attorney of record appeared for Blue Star was over eleven months later when the trial court received notice that Randy Edwards, a Georgia attorney, had applied for admission *pro hac vice*. The case proceeded to trial with Blue Star represented by both Edwards and associated South Carolina counsel Tucker Player, apparently without objection by Ridge. The trial took more than a day to complete.

While reviewing the pleadings prior to ruling, the trial court first noticed that Blue Star's summons and complaint were executed by Chafin. Subsequently, the trial court *sua sponte* issued an order finding Blue Star's complaint a nullity due to the unauthorized practice of law, and dismissed its action against Ridge. Blue Star appealed the trial court's order,[1] and this Court certified the appeal pursuant to Rule 204(b), SCACR.[2]

## ISSUE PRESENTED

Did the trial court err in dismissing the plaintiff's case where an officer of the corporation, a nonlawyer, executed the summons and complaint on behalf of the corporation?

## STANDARD OF REVIEW

The decision to dismiss a case is within the purview of the trial court and will not be disturbed absent an abuse of discretion. *In re Miller*, 393 S.C. 248,

---

[1] Although represented by counsel at trial, Ridge did not participate in this appeal.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

256, 713 S.E.2d 253, 257 (2011). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.* (quoting *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009)).

## LAW/ANALYSIS

Blue Star argues the trial court erred in ruling the complaint was a nullity because it was executed by a nonlawyer. Specifically, Blue Star argues the filing of the complaint by an officer of the corporation created an amendable defect which was cured by the subsequent retention of counsel. We agree.

The power to regulate the practice of law rests exclusively with this Court. S.C. Const. art. V, § 4; S.C. Code Ann. § 40-5-10 (2011); *In re Unauthorized Practice of Law*, 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992). We have declined to delineate a broad set of rules relating to the unauthorized practice of law. *See In re Unauthorized Practice of Law*, 309 S.C. at 305, 422 S.E.2d at 124. "[T]he better course is to decide what is and what is not the unauthorized practice of law in the context of an actual case or controversy." *Id.*

We have held the "goal of the prohibition against the unauthorized practice of law is to protect the public from incompetent, unethical, or irresponsible representation." *Renaissance Enter., Inc. v. Summit Teleservices, Inc.*, 334 S.C. 649, 652, 515 S.E.2d 257, 258 (1999); *see State v. Despain*, 319 S.C. 317, 320, 460 S.E.2d 576, 578 (1995) (explaining the purpose behind enjoining a nonlawyer from preparing a family court document was "for the protection of the public from the potentially severe economic and emotional consequences which may flow from the erroneous preparation of legal documents or the inaccurate legal advice given by persons untrained in the law"); *see also In re Baker*, 85 A.2d 505, 514 (N.J. 1951) ("The amateur at law is as dangerous to the community as an amateur surgeon would be.").

In its order, the trial court relied on *Renaissance* in holding the complaint filed in this case was a nullity; we hold the trial court erred in reading *Renaissance* so broadly. In *Renaissance*, the president of a corporation petitioned this Court in order to represent his company in a case pending before the court of appeals. 334 S.C. at 650, 515 S.E.2d at 258. While holding that a nonlawyer cannot represent a corporation before the circuit or appellate courts, we did not state that the case must be dismissed as a nullity. Rather, due to the procedural posture of the case,

we merely remanded the case to the court of appeals for proceedings consistent with our decision.  *Id.* at 653, 515 S.E.2d at 259.

Further, in *Brown v. Coe*, 365 S.C. 137, 616 S.E.2d 705 (2005), this Court held a personal representative of an estate could not represent the estate on appeal. *Id.* at 142, 616 S.E.2d at 708.  We then considered whether dismissing the case was the proper remedy, noting there was a split of authority as to whether the unauthorized practice of law renders a proceeding a nullity or instead amounts to an amendable defect.  *Id.* at 143, 616 S.E.2d at 708–09.  Without ruling on this precise issue, we denied the motion to dismiss the appeal and allowed the personal representative a reasonable amount of time to obtain counsel based on the facts and circumstances of the case, principally that the personal representative had represented the estate in past appeals without objection.  *Id.* at 144, 616 S.E.2d at 709.

Additionally, in *The Roof Doctor, Inc. v. Birchwood Holdings, Ltd.*, 366 S.C. 637, 622 S.E.2d 746 (Ct. App. 2005), the court of appeals considered whether the filing of a counterclaim in magistrate's court by the president of a corporation, without proper written authorization, was a basis for voiding the magistrate's judgment.  The court noted that this Court had not yet addressed this issue but nonetheless held that any unauthorized practice of law in that case was a "collateral matter." *Id.* at 642, 622 S.E.2d at 749.  Thus, cases from the appellate courts in this state have never applied the nullity rule as the trial court did here.

In considering the effect the unauthorized practice of law had in this case, we are persuaded by decisions from other jurisdictions which have consistently held the filing of a complaint by a nonlawyer constitutes an amendable defect. *See, e.g.*, *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 250 (Fla. Dist. Ct. App. 1985) (holding the filing of a complaint by a nonlawyer did not void the suit because "prohibiting amendment and dismissing as a nullity the complaint would yield the ironic result of prejudicing the constituents of the corporation, the very people sought to be protected by the rule against the unauthorized practice of law"); *Downtown Disposal Serv., Inc. v. Chicago*, 979 N.E.2d 50 (Ill. 2012) (holding that a complaint filed by the president of a corporation for administrative review was not a nullity); *Save Our Creeks v. Brooklyn Park*, 682 N.W.2d 639, 642 (Minn. Ct. App. 2004), *aff'd*, 699 N.W.2d

307 (Minn. 2005) ("[W]e conclude that the lack of an attorney's signature on a complaint filed on behalf of a corporation does not render the complaint null or require dismissal.").[3]

Accordingly, we hold that here, where an officer of a corporation filed the complaint but the corporation thereafter retained representation throughout the trial, the unauthorized practice of law does not operate to void the lawsuit in its entirety, particularly absent any showing of prejudice to the opposing party. Therefore, the trial court erred in dismissing Blue Star's complaint based on the unauthorized practice of law.

## CONCLUSION

For the foregoing reasons, we reverse. Although Blue Star requests the case be remanded for an entry of judgment on the merits, we note the trial judge in this case is now retired. Accordingly, we remand the case for a new trial.

**TOAL, C.J., PLEICONES, BEATTY, and KITTREDGE JJ., concur.**

---

[3] Where courts in other jurisdictions have applied the nullity rule, they have done so under different circumstances. *See, e.g.*, *Ex Parte Ghafary*, 738 So. 2d 778 (Ala. 1998) (dismissing case where a nonlawyer executrix attempted to represent an estate in proceeding); *Land Mgmt., Inc. v. Dep't of Envtl. Prot.*, 368 A.2d 602 (Me. 1977) (holding complaint a nullity where filed by the president of a corporation and president represented corporation, over objection, throughout the trial).