*26] The opinion of the Court was delivered by
Johnson, J.
No person can be made a defendant in a cause, except by the process of law, or by his own consent. It is equally true, that no one can be directly affected by the judgment of the Court, except those who are parties. In this case, it does not appear, nor indeed is it pretended, that Charles and Thomas Drayton were made parties to the action, by any process of law; and it is only necessary to examine whether the circumstances furnish legal evidence of their assent to become parties. The assent of a defendant to become a party is inferred from his entering an appearance or pleading to an action, although the process, with which he has been served, be irregular, and although, indeed, no process be served on him. But, it is apprehended, that there is no case in which it will be inferred from a mere verbal assent, even if such assent were fully proved. It results, therefore, that it must be by matter of record.
In this case, the names of Charles and Thomas Drayton do not appear on the record, in any stage of the proceedings, when they could possibly have been the actors, until the entering up of the judgment. On the first verdict, it is true, that they are named in the declaration and the replication ; but these are, and must be considered, as the acts of the plaintiff. But in the avowry, and the rejoinder, (in form of a similiter,) the only stages, in the proceedings, in which they could have been the actors, their names do not appear. There is, then, no other matter of record from whence their assent can be inferred, but the judgment entered up in their names, on the first verdict. And there is no evidence that this was done by their authority; and if there was, it was irregular, because the verdict on which it was founded, was only between the parties to the suit, and did not therefore authorize it. But suppose the verdict had been beneficial to the defendants, (as was the fact in this case, although to an inconsiderable extent, and doubtless irregularly so,) could Charles and Thomas Drayton have reaped the fruits *of it? I apprehend not. No -* act of theirs could have entitled them to it; and as strangers to the record, the law gave them no right.
Dpon the whole, this case presents one of those tissues of blunders, from beginning to end, which ought always to be avoided in judicial proceedings, and which, to the credit of the profession, in this State, is rarely exhibited. It is said, however, that great injury will result to the plaintiff, if this motion be refused. But if the other defendants are able to pay the damages recovered, she has her remedy still against them, on the judgment; and if they are not, it was her own fault not to have proceeded against the Draytons, in the first instance, if in truth, the distress was made by their authority. The motion must be dismissed.
Bay, Note and Colcock, JJ., concurred.
1 Bail. 6321 1 N. & McC. 90, note.