### 1396

The ESTATE OF Annie Belle CORLEY, Deceased. John R. CORLEY, Jr. and Drafts Corley, Appellants v. Beulah HARRING, Individually and as Administratrix, C.T.A. of the Estate of Annie Belle Corley; Sybil Ann Corley, an incompetent; Doris C. Marlow, as Guardian for Sybil Ann Corley, and Individually and Janelle C. Roof, of Whom Janelle C. Roof is Respondent.

(386 S. E. (2d) 264)

Court of Appeals

*Jean P. Derrick,* Lexington, *for appellants.*

*Douglas McKay,* Columbia, *for respondent.*

Heard Sept. 19, 1989.

Decided Oct. 16, 1989.

CURETON, Judge:

This is an appeal from a circuit court order granting summary judgment to the Respondent, Janelle Roof. The circuit court held the Appellants, John R. and Drafts Corley, lacked standing to maintain their action against Mrs. Roof. We affirm the result reached by the circuit court.

The Corleys and Mrs. Roof are three of the ten children of the late Annie Belle Corley. Another sister, Beulah Harring, was appointed administratrix C.T.A. of the estate of Annie Belle Corley. Sybil Ann Corley and Doris C. Marlow are also children of Annie Belle Corley and sisters of the Corleys, Mrs. Roof, and Mrs. Harring. This dispute grew out of the administration of the estate of Annie Belle Corley. John and Drafts Corley contend their sisters owe certain debts to the estate. The sisters deny these contentions.

The parties disagree about the nature of the case. The Corleys argue the action below was an appeal to the circuit court from an order of the probate court. The Corleys allege the administratrix failed to pursue certain claims of the estate against Sybil Ann Corley, Doris Marlow, and Janelle Roof. They contend they are entitled to a trial *de novo* of these matters in the circuit court.

Janelle Roof asserts the proceeding in the circuit court was not an appeal from the probate court, but an original action initiated by the Corleys in the circuit court. The pleading filed by the Corleys in the circuit court was designated "Notice of Appeal and Petition."[1] Mrs. Roof received a copy of this document by certified mail. No summons was attached. The Corleys asserted in the pleading that Mrs. Roof took $5,000 from a savings account of Annie Belle Corley while she was incompetent. They claim the money is

---

[1] This action was taken prior to the effective date of the new Probate Code.

an asset of the estate. They prayed for a money judgment against Mrs. Roof and requested satisfaction of the judgment from her share of the estate.

Mrs. Roof filed an answer and counterclaim. She raised numerous defenses including lack of standing to sue, lack of personal jurisdiction, and the statute of limitations. Mrs. Roof subsequently filed a motion for summary judgment asserting several grounds.

In his order on the motion for summary judgment, the circuit court judge held the dispositive issue was whether the Corleys had standing to maintain this lawsuit against Mrs. Roof to recover an alleged asset of the estate of Annie Belle Corley. The court concluded the Corleys were not real parties in interest because they were not the legal representatives of the estate and therefore did not have standing to pursue the action against Mrs. Roof. The record on appeal does not contain the proceedings in the probate court although an Appendix filed by the Corleys contains a letter to the probate judge and his order. The circuit court judge noted in settling the record that none of this material was before him at the hearing.

If the circuit court proceeding is viewed as the institution of an original action in circuit court, then we may affirm the result reached by the circuit court because the record indicates Mrs. Roof was never served with a summons to confer jurisdiction. A civil action in this state is commenced by the filing and service of a summons and complaint. S.C.R. Civ. P. 3(a). The summons and complaint shall be served together on each defendant. S.C.R. Civ. P. 4(a), (d). The Statement of the Case reflects no summons was ever filed or served upon Mrs. Roof. Therefore, no original action was properly instituted and the trial court was correct in dismissing the action by granting summary judgment.

The Corleys contend, however, this is not an original suit commenced in circuit court but it is an appeal to the circuit court from the probate court pursuant to *S. C. Code Ann.* Section 18-5-10 (1976), *repealed by* Act No. 539, 1986 *S. C. Acts* 3446. The document filed in the circuit court sets forth four separate causes of action against Sybil Ann Corley, Doris C. Marlow, Janelle Roof, and Beulah

Harring. The prayer for relief seeks money judgments against these individuals. The document does not identify any grounds of appeal or error on the part of the probate court. The filing and service of the grounds of appeal in accordance with Section 18-5-20 are integral parts of the right of appeal from the probate court to the circuit court. *Montgomery v. Keziah,* 277 S. C. 84, 282 S. E. (2d) 853 (1981). The document filed by the Corleys does not comply with this requirement. The dismissal by the circuit court is affirmed on this ground.

At oral argument the Corleys relied upon *Martin v. Skinner,* 286 S. C. 527, 335 S. E. (2d) 252 (Ct. App. 1985), to support their contention that they are entitled to a trial *de novo* by jury in the circuit court. As we understand their argument, they were not required to note their objections to the probate court's order or provide a record of the proceedings of the probate court to the circuit court because they are entitled to *de novo* review in the circuit court and not just a review of the record made in the probate court. Assuming this to be an appeal from the probate court, we do not find *Martin v. Skinner* supportive of their position. The *Martin* case holds an appeal from a decision of the probate court on the issue of "will" or "no will" is to be handled as a trial *de novo* of the factual issues in the circuit court. This case does not involve a determination of the validity of a will. The *Martin* case recognizes the general rule that jurisdiction of the circuit court in matters coming from the probate court is strictly appellate and review is taken on the record made in the probate court. No record of the probate proceedings was provided the circuit court to review. Accordingly, the proceeding if so designated an appeal should have been dismissed.

The result reached by the circuit court is affirmed pursuant to Supreme Court Rule 4, Section 8, for reasons appearing in the record.

Affirmed.

SHAW and BELL, JJ., concur.