515 S.E.2d 257

**RENAISSANCE ENTERPRISES, INC., a South Carolina Corporation, and Malcolm M. Babb, Individually, Petitioners,**

v.

**SUMMIT TELESERVICES, INC., Respondent.**

No. 24922.

Supreme Court of South Carolina.

Submitted Feb. 18, 1999.

Decided March 22, 1999.

Malcolm M. Babb, of Little River, pro se.

Richard M. Lovelace, Jr., of Lovelace & Rogers, P.A., of Conway, for respondent.

MOORE, Justice:

Petitioner Malcolm Babb is the president and director of Renaissance Enterprises, Inc., a Sub–Chapter "S" Corporation. The only two shareholders are Babb and his wife. Renaissance currently has a matter pending before the Court of Appeals and Babb is representing Renaissance. The Court of Appeals informed Babb that an attorney must be hired to represent Renaissance. Babb petitioned this Court in its original jurisdiction seeking a ruling on whether non-lawyers can represent a corporation in circuit or appellate courts. The Court of Appeals has held the matter in abeyance pending the resolution of this issue.

## ISSUE

Whether a non-lawyer can represent a corporation in circuit and appellate courts?

## DISCUSSION

■ In *State v. Wells*, 191 S.C. 468, 5 S.E.2d 181 (1939), the Court held a lay person could not represent a corporation. However, in *In re Unauthorized Practice of Law*, 309 S.C. 304, 422 S.E.2d 123 (1992), we modified *Wells* "to allow a business to be represented by a non-lawyer officer, agent or employee, including attorneys licensed in other jurisdictions and those possessing Limited Certificates of Admission pursuant to Rule 405, SCACR, in civil magistrate's court proceedings." [1] We have never ruled on the issue whether a non-lawyer can represent a corporation in circuit or appellate courts. We now hold a non-lawyer cannot represent a corporation in circuit or appellate courts.

Babb relies upon S.C.Code § 40–5–320(A)(1) (Supp.1998) which provides: "(A) It is unlawful for a corporation or voluntary association to: (1) practice or appear as an attorney at law for a person *other than itself* in a court in this State or before a judicial body ..." (emphasis added). In *In re Unauthorized Practice of Law*, we did not address the language in this statute.[2]

■ The adjudicative power of the Court carries with it the inherent power to control the order of its business to safeguard the rights of litigants. *Williams v. Bordon's Inc.*, 274

---

[1]. Recently, we stated that non-attorneys may not represent the State in guilty pleas and plea negotiations in cases transferred from general sessions to municipal or magistrate's court pursuant to S.C.Code Ann. § 22–3–545 (Supp.1997). *In re Lexington County Transfer Court*, 334 S.C. 47, 512 S.E.2d 791 (1999).

[2]. Babb contends that this Court's opinion in *Fanning v. Fritz's Pontiac–Cadillac–Buick, Inc.*, 322 S.C. 399, 472 S.E.2d 242 (1996), provides support for the proposition that a layperson can represent a corporation in an appellate court. We disagree. In *Fanning*, one of the respondents did appear *pro se*. However, this was never an issue brought up in the case on appeal. The sole reference in the opinion which Babb relies upon is when Fritz Waider is listed as *pro se* counsel in the listing of the attorneys in the caption. This is not precedent for the issue in this case.

S.C. 275, 262 S.E.2d 881 (1980) (statute which attempted to exercise ultimate authority over inherent power of Court violated separation of powers doctrine). As pointed out in *In re Unauthorized Practice of Law, supra,* "[t]he Constitution commits to this Court the duty to regulate the practice of law in South Carolina." 309 S.C. at 305, 422 S.E.2d at 124.[3] Any interpretation which would expand our decisions regarding the practice of law would violate the separation of powers provision which is set forth in article 5, section 1 of our State Constitution.

■ The goal of the prohibition against the unauthorized practice of law is to protect the public from incompetent, unethical, or irresponsible representation. The majority of other jurisdictions have held a corporation must be represented by an attorney in *all* courts. *See e.g. Nicollet Restoration, Inc., supra. See generally* Jay M. Zitter, Annotation, *Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who Is Not Attorney* 8 A.L.R.5th 653 (1992). Some jurisdictions, however, allow a corporation to represent itself through a director or an officer only in small claims court or a court which is not a court of record (i.e. equivalent to our magistrate's court). *Jadair Inc. v. United States Fire Ins. Co.,* 209 Wis.2d 187, 562 N.W.2d 401 (1997); *Feldman v. Mazzei,* 166 Misc.2d 69, 631 N.Y.S.2d 241 (1995) (any authorized employee may appear for a corporation in small claims court); *Turkey Point Property Owners' Ass'n, Inc. v. Anderson,* 106 Md.App. 710, 666 A.2d 904 (1995) (officer or designated employee may appear on behalf of corporation in small claims actions); *In re Estate of Lydia Nagel,* 950 P.2d 693 (Colo.Ct.App.1997) (generally corporation may appear in court of record only through attorney); *Eckles v. Atlanta Tech. Group,* 267 Ga. 801, 485 S.E.2d 22 (1997) (non-lawyer

---

3. In *Nicollet Restoration, Inc. v. Turnham,* 486 N.W.2d 753 (Minn. 1992), the Minnesota Supreme Court addressed an issue almost identical to the one in this case. A Minnesota statute stated that no corporation shall maintain, conduct, or defend, *"except in its own behalf* when a party litigant ...."* an action in any court. (emphasis added). The Minnesota Supreme Court cited the separation of powers doctrine and noted that the court was vested with exclusive power to make rules governing the practice of law. It concluded that the legislative enactment which purported to authorize certain classes to practice law was not controlling upon the judiciary.

may represent corporation only in a court that is not court of record). We agree with these jurisdictions and decline to extend *Wells* to allow a non-lawyer to represent a corporation in circuit or appellate courts. Thus, a corporation may appear *pro se* only in magistrate's court. Accordingly, we remand to the Court of Appeals for further proceedings consistent with this opinion.

**REMANDED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.