PER CURIAM.
Stephen E. Boone, Jr., appeals from a decision by the United States Court of Federal Claims dismissing his complaint for failure to state a claim upon which relief could be granted. Boone v. United States, 53 Fed.Cl. 731 (2002). Because Boone’s back pay claims for the period from October 15, 1991 to November 8, 1992 were time-barred under 28 U.S.C. § 2501 and the Court of Federal Claims accordingly lacked jurisdiction to adjudicate Boone’s claim for a correction of his military records, we vacate the judgment of the Court of Federal Claims and remand with instructions to dismiss for lack of jurisdiction.
I
On October 15, 1987, Boone enlisted with the United States Army for a four-year term of active duty service. The expected expiration date of Boone’s active duty enlistment period was October 15, 1991. On September 20, 1991, Boone was placed in pre-trial confinement to await court-martial proceedings on charges of rape and attempted rape. Boone’s enlistment period elapsed while he was in military custody. On January 31,1992, a general court-martial convicted Boone of two counts of rape and one count of attempted rape and sentenced him to 60 years in prison, dishonorable discharge, forfeiture of all pay and allowances, and a reduction in status to Private El. The military convening authority approved Boone’s sentence on November 9, 1992. Boone, 53 Fed.Cl. at 732.
Boone appealed the sentence on grounds unrelated to this case, and after further appellate proceedings, Boone’s case was returned to the Judge Advocate General for a resentencing hearing. Following this hearing, Boone’s period of incarceration was reduced to 39 years, but his dishonorable discharge, loss of pay and allowances, and reduction in rank were all upheld. This sentence was approved by a military convening authority on August 31, 1999 and affirmed by the Army Court of Criminal Appeals on January 11, 2000.
After an initial filing in district court, which was dismissed on jurisdictional grounds, Boone filed a complaint in the Court of Federal Claims on April 22, 2002. Boone sought back pay and allowances for the period from October 15, 1991 (the expected expiration date of his active duty enlistment period) until his official discharge. Subsequently, however, Boone waived any claim for back pay for the period after November 8, 1992 (the day before the first convening authority approved Boone’s court-martial sentencing). Boone, 53 Fed.Cl. at 733-34; Plaintiffs Combined Reply to Defendant’s Motion to Dismiss at 6, Boone v. United States, 53 Fed.Cl. 731 (2002) (No. 02-345C). Because of this waiver, the Court of Federal Claims ultimately adjudicated a claim for back pay from October 15, 1991, through November 8,1992. Boone also sought correction of his military records to reflect his purported status as an Army reservist as of October 1991.
The Court of Federal Claims assessed the merits of Boone’s complaint, concluded he had failed to state a claim upon which relief could be granted, and dismissed. Boone, 53 Fed.Cl. at 736. We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(3).
II
Before reviewing the merits of a judgment of the Court of Federal Claims, we must first inquire whether that court *110 had jurisdiction to render the judgment under review. See Bender v. Williams-port Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (“[E]very federal appellate court has a special obligation to ‘satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.’ ” (quoting Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934))). Claims against the federal government in the Court of Federal Claims are subject to a six-year statute of limitations. See 28 U.S.C. § 2501 (2000) (“Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”). A claim accrues “when all the events which fix the government’s alleged liability have occurred and the plaintiff was or should have been aware of their existence.” Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988). This court has held that “a claim based on an alleged unlawful discharge from the military service accrues on the date of discharge.” Bowen v. United States, 292 F.3d 1383, 1386 (Fed.Cir.2002). However, Boone’s claim was not based on an unlawful discharge and thus did not accrue when he was dishonorably discharged. Rather, his claim accrued when the government stopped paying him on the expiration date of his active duty enlistment period in 1991. See Middleman v. United States, 91 Ct.Cl. 306, 1940 WL 4143 (1940) (“If the plaintiff had any right to bring suit for his salary, it accrued when the defendant first failed to make payment of his monthly salary.”). After Boone waived part of his claim, the latest date for which he sought back pay was November 8,1992.[1] The six-year period during which Boone could file his claim in the Court of Federal Claims expired on November 8, 1998. Because Boone did not file his claim for back pay until 2002, his claim was untimely filed under 28 U.S.C. § 2501 and the Court of Federal Claims erred in addressing the merits of that claim.
Boone argues, however, that the statute of limitations should have been tolled pursuant to the Soldiers’ and Sailors’ Act of 1940 (“the Act”) because of his status as a member of the armed forces. The Act provides, in part:
The period of military services shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court ... by or against any person in military service.
50 U.S.CApp. § 525 (2000). According to Boone, the statute of limitations should have been tolled until the government delivered a certificate of discharge to him on October 24, 2002. Boone’s assumption that the Act applies to him is mistaken.
The Act defines “military service” as “Federal service on active duty,” which “include[s] the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause.” 50 U.S.CApp. § 511(1) (2000). Despite the fact that Boone was not dishonorably discharged until 2002, his active duty enlistment ended on October 15, 1991. For the purposes of the Act, he was therefore not in military *111 service after this date and cannot claim the protection of the Act.
Ill
Boone also sought equitable relief in the form of correction of his military records. The Court of Federal Claims has jurisdiction to grant such equitable relief:
To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing ... correction of applicable records.
28 U.S.C. § 1491(a)(2) (2000). However, this provision gives the court “power to order the correction of military records only ‘incident of and collateral to’ its award of a money judgment.” Voge v. United States, 844 F.2d 776, 781 (Fed.Cir.1988). Because there were no timely filed claims for money damages pending in the Court of Federal Claims, the court also lacked jurisdiction to consider Boone’s claims for equitable relief.
CONCLUSION
Because Boone’s claim for back pay through November 8, 1992 was untimely filed, the Court of Federal Claims lacked jurisdiction to consider both that claim and Boone’s request for correction of his military records. The Court of Federal Claims accordingly erred in considering the merits of those claims. We therefore vacate the judgment of the Court of Federal Claims and remand with instructions to dismiss for lack of jurisdiction.

. On appeal, Boone attempts to resurrect a claim for back pay through the date of his discharge. We will not consider this claim, because Boone clearly waived it in the Court of Federal Claims. Nor will we consider Boone’s claim of a Fourteenth Amendment violation, which he raises for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.”).