702 S.E.2d 568

Ex Parte SOUTH CAROLINA DEPARTMENT
OF MOTOR VEHICLES, Appellant,

In re Don C. Gillespie, Respondent

v.

The State of South Carolina, Defendant.

No. 26901.

Supreme Court of South Carolina.

Heard Oct. 20, 2010.

Decided Dec. 6, 2010.

General Counsel Frank L. Valenta, Jr.; Deputy General Counsel Philip S. Porter; and Assistant Counsel Linda A. Grice, of Blythewood, for Appellant.

Paul L. Reeves, of Columbia, for Respondent.

Solicitor Donald V. Myers and Deputy Solicitor Samuel R. Hubbard, III, of Lexington, for Defendant.

Justice KITTREDGE.

The South Carolina Department of Motor Vehicles (SCDMV) appeals from an order of the circuit court establishing Respondent Don C. Gillespie's (Gillespie) right to a South Carolina driver's license. Because the SCDMV is not a party to this case, we dismiss the appeal.

In 2008, Gillespie petitioned the circuit court for a driver's license. The statute relied on by Gillespie directed service on the State through the Solicitor's Office. The matter proceeded to a hearing. The State did not object to the petition, and the trial court granted relief. Gillespie then served the order on SCDMV.

SCDMV responded by filing successive motions to reconsider under Rule 59, SCRCP. At no time did SCDMV file a motion to intervene under Rule 24, SCRCP. Noting SCDMV's lack of "standing,"[1] the trial court denied both motions to reconsider.

---

1. The trial court referred to SCDMV's non-party status as a lack of standing.

Although not a party, SCDMV filed a Notice of Appeal and attempted to portray itself as a party. In its notice, SCDMV unilaterally and without court authorization changed the caption from *Don C. Gillespie v. State of South Carolina* to *Don C. Gillespie v. South Carolina Department of Motor Vehicles.*

A well-known rule of appellate procedure is that only an aggrieved party may appeal. Rule 201(b), SCACR; *see also Condon v. State,* 354 S.C. 634, 642, 583 S.E.2d 430, 434 (2003) ("[T]he Attorney General is required, like everyone else, to formally intervene and become a named party before he can file an appeal."). Having failed to intervene as a party, SCDMV's appeal is dismissed.

**APPEAL DISMISSED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.