THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen D.
 Mohammad, Respondent,
 v.
 Spencer Real
 Estate Investments, Inc., Appellant.
 
 
 

Appeal From Aiken County
Robert A. Smoak, Jr., Circuit Court Judge
Unpublished Opinion No. 2011-UP-098
Submitted March 1, 2011  Filed March 14,
 2011
AFFIRMED

 
 
 
 Brian Austin Katonak, of Aiken, for Appellant.
 Scott William Patterson, of Aiken, for Respondent.
 
 
 

PER CURIAM: Spencer Real Estate Investments, Inc. appeals the
 master-in-equity's grant of a directed verdict, arguing the master erred in:
 (1) allowing Ian Davis to be dismissed pursuant to Rule 41 of the South
 Carolina Rules of Civil Procedure and (2) not allowing Davis to seek a
 continuance on behalf of Spencer Real Estate in order to obtain counsel for
 Spencer Real Estate.  Spencer Real Estate also argues the master violated their
 due process rights by dismissing Davis from the action. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As
 to whether the master erred in allowing Davis to be dismissed pursuant to Rule
 41, SCRCP:  Rule 4(a), SCRCP (stating a civil action is commenced when the
 summons and complaint is filed and served on the opposing party); Estate of
 Corley, 299 S.C. 525, 527, 386 S.E.2d 264, 266 (Ct. App. 1989) (holding it
 is not error for a trial court to dismiss an action which was never properly
 instituted).    
2.  As
 to whether the master erred in not allowing Davis to seek a continuance on
 behalf of Spencer Real Estate:  Renaissance Enters.,  Inc. v. Summit
 Teleservices,  Inc.,  334 S.C. 649, 651, 515 S.E.2d 257,
 258 (1999) ("[A] non-lawyer cannot represent a corporation in circuit
 or appellate courts."). 
3.  As
 to whether the dismissal of Davis violated Spencer Real Estate's due process
 rights: Tall Tower, Inc. v. S. C. Procurement Review Panel,  294
 S.C. 225, 233, 363 S.E.2d 683, 687 (1988) ("A demonstration of
 substantial prejudice is required to establish a due process claim.").  
AFFIRMED.
WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.