**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

HSBC Mortgage Services, Inc., Respondent,

v.

James L. Dennis, Enid Dennis, and Stonewood Homeowners Association of York County, Inc., Defendants,

Of Whom James L. Dennis and Enid Dennis are the Appellants.

Appellate Case No. 2012-209386

———————————

Appeal From York County
S. Jackson Kimball, III, Master in Equity

———————————

Unpublished Opinion No. 2014-UP-245
Submitted April 1, 2014 – Filed June 25, 2014

———————————

**AFFIRMED**

———————————

James L. Dennis and Enid Dennis, both of Rock Hill, pro se.

Nikole Haltiwanger Boland, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** James and Enid Dennis appeal an order foreclosing a mortgage and ordering the sale of their home. They argue the master in equity erred in (1) not allowing them to proceed pro se and (2) not considering their defenses to the foreclosure. We affirm.

1. The Dennises' argument that they were not allowed to proceed pro se is not preserved. "[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review." *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000). During the foreclosure hearing, the el Beys identified themselves as the el Beys. They did not identify themselves as the Dennises, assert they were parties to the action, or assert they were being denied their right to proceed pro se. Thus, this argument is not preserved.

2. We find the master did not err when he prohibited the el Beys from defending the foreclosure and failed to consider their defenses. Based on the information the el Beys provided the master during the foreclosure hearing, the master correctly concluded the el Beys lacked standing. *See Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Natural Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) ("To have standing, one must have a personal stake in the subject matter of the lawsuit. In other words, one must be a real party in interest."); *id.* ("A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action."). At the hearing, the el Beys identified themselves as Akasha and Imin el Bey; they never identified themselves as the Dennises or asserted they were parties to the action. Akasha stated they were not attorneys. *See Renaissance Enters., Inc. v. Summit Teleservices, Inc.*, 334 S.C. 649, 651-52, 515 S.E.2d 257, 258 (1999) (noting the Supreme Court of South Carolina has "the duty to regulate the practice of law in South Carolina" and prohibit the unauthorized practice of law). When asked what interest they had in the litigation, the el Beys purported to represent James and Enid Dennis's living estates. The Dennises concede on appeal that living estates do not exist in South Carolina, and we find the master correctly determined the el Beys did not have standing based on their status as executors of a living estate. Because the foreclosure did not involve an estate, the el Beys did not identify themselves as the Dennises or parties to the action, Akasha admitted they were not attorneys, and the el Beys did not give the master any reason to believe they had "a personal stake in the subject matter of the lawsuit," the master correctly concluded they lacked standing. *Sea Pines*, 345 S.C.

at 600, 550 S.E.2d at 291.  Based on the master's finding that they lacked standing, the master did not err when he prohibited them from defending the foreclosure and failed to consider their defenses.

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.