**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wildflower Nursery, Inc., d/b/a Pleasant Landscapes, Appellant,

v.

Joseph W. Beasley, Jr., a/k/a Bill Beasley, Respondent.

Appellate Case No. 2014-001493

———————————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-082
Submitted December 1, 2015 – Filed February 24, 2016

———————————

**AFFIRMED**

———————————

Dennis Gregory Placone, of Nexsen Pruet, LLC, of Columbia, for Appellant.

Steven L. Smith and Zachary James Closser, both of Smith Closser, of Charleston, for Respondent.

———————————

**PER CURIAM:** Wildflower Nursery Inc. appeals the circuit court's dismissal of its case and grant of judgment in favor of Beasley arguing (1) its due process rights were violated because it did not receive adequate notice of the proceedings before the circuit court and the proposed order was issued ex parte, (2) the circuit court

erred in granting Beasley's Motion to Strike Wildflower's complaint, and (3) two orders issued by the circuit court should be vacated because they were entered prior to the issuance of the final judgment order. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. Wildflower's due process rights were not violated because the record contains evidence, including the records of the clerk's office, Wildflower received notice of case roster publication on two occasions. *See Em-Co Metal Prods., Inc. v. Great Atl. & Pac. Tea Co.*, 280 S.C. 107, 110, 311 S.E.2d 83, 85 (Ct. App. 1984) ("In reviewing the lower court's order to determine whether its factual conclusions have evidentiary support, we need not look just at the facts set forth in the order. We may also consider other facts presented below and reflected in the record."). As to Wildflower's argument Beasley submitted his proposed order ex parte, we note Wildflower was not represented by counsel when Beasley submitted the proposed order. *See Renaissance Enters. v. Summit Teleservices, Inc.*, 334 S.C. 649, 651, 515 S.E.2d 257, 258 (1999) ("[A] non-lawyer cannot represent a corporation in circuit or appellate courts."); Rule 5(b)(3), SCRCP ("Any party providing a proposed order, proposed findings of fact or conclusions of law, or proposed judgment or other paper to the court for its consideration in any pending matter shall serve the same on all counsel of record at the same time and by the same means.").

2. The circuit court did not abuse its discretion in denying Wildflower the opportunity to retain counsel prior to striking its complaint. *Renaissance*, 334 S.C. at 651, 515 S.E.2d at 258 ("[A] non-lawyer cannot represent a corporation in circuit or appellate courts."); *Huggins v. Winn-Dixie Greenville, Inc.*, 252 S.C. 353, 359, 166 S.E.2d 297, 299 (1969) ("A motion to strike is generally addressed to the sound discretion of the [trial court]."); *McComas v. Ross*, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006) ("Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court . . . , and [its] decision will not be disturbed, except upon a clear showing of an abuse of discretion."). We note Wildflower was notified of the motion to strike fifteen months before the hearing on the motion; thus, Wildflower had ample opportunity to obtain counsel.

3. Wildflower argues the circuit court's orders of November 26, 2013, and June 9, 2014, should be vacated because they were issued before the final judgment order. We find the denial of Wildflower's pro se motion to vacate proper because a non-

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

lawyer cannot represent a corporation before the circuit court. *See Renaissance*, 334 S.C. at 651, 515 S.E.2d at 258 ("[A] non-lawyer cannot represent a corporation in circuit or appellate courts."). As to the denial of Beasley's motion for the appointment of a receiver, we find Wildflower was not aggrieved by the circuit court's denial of that motion. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."). Because we affirm the circuit court's final order issued on July 21, 2014, we find any question as to the propriety of the circuit court's June 9, 2014 order moot. *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2008) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("[W]hatever doesn't make any difference, doesn't matter.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**