**John DOE, Appellant,**

v.

**CITY OF DUNCAN, Respondent.**

Appellate Case No. 2012–213499
Opinion No. 5411

Court of Appeals of South Carolina.

Heard January 14, 2016
Filed June 8, 2016
Rehearing Denied August 17, 2016

---

278

Gregg E. Meyers, of Jeff Anderson & Assoc. P.A., of Saint Paul, Minnesota, for Appellant.

William Harrell Foster, III, of Nelson Mullins Riley & Scarborough, LLP, of Greenville; Allen Mattison Bogan and Miles Edward Coleman, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Charles Franklin Turner, Jr., of Willson Jones Carter & Baxley, P.A., of Greenville; for Respondent.

LOCKEMY, J.:

John Doe appeals the circuit court's decision to dismiss his action pursuant to Rules 3, 12(b)(1), and 12(b)(2), SCRCP. Doe argues the circuit court failed to apply the Servicemembers Civil Relief Act (the Act).[1] We affirm.

**FACTS**

On January 28, 2008, Doe filed a complaint against the City of Duncan (the City), asserting a cause of action for negligent supervision. In his complaint, Doe alleged he was sexually abused while participating in activities sponsored by the City's fire department. Doe acknowledged he failed to serve the City with the summons or complaint.

Over four years later on February 21, 2012, Doe filed an amended complaint in which he alleged the same cause of action as in the original complaint and added that the action was brought pursuant to the Act.[2] An affidavit of service, dated February 27, 2012, indicated the amended complaint

---

1. Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901–4043 (previously 50 U.S.C. app. §§ 501–597(b) (2012 & Supp. II 2014)).

2. During his military career (February 2003 and August 10, 2011), Doe served in the United States Army, the United States Army Reserve, and the United States Army National Guard.

was delivered to "Bridget Musteata[,] Town Clerk for Duncan Town." The City subsequently filed a motion to dismiss, arguing Doe failed to file and serve a summons with his original and amended complaints.

At the circuit court hearing on the motion to dismiss, the City acknowledged Doe served it with the amended complaint but stated Doe did not serve it with a summons. Conversely, Doe stated the amended summons was served on the City. The City also argued the merits of the case and stated Doe was taking inconsistent positions. Namely, the City asserted Doe argued the chief of the City's fire department was acting both in his individual capacity and in the course and scope of his employment. The circuit court dismissed the action, ruling (1) Doe filed a complaint in 2008 but failed to serve the City with the complaint within 120 days of its filing; (2) Doe failed to serve the City with the 2012 summons; (3) Doe failed to seek leave from the trial court to amend his complaint; (4) Doe failed to timely commence the action pursuant to Rule 3, SCRCP; and (5) the court lacked personal and subject matter jurisdiction over the City pursuant to Rules 3, 12(b)(1), and 12(b)(2), SCRCP. The circuit court's order did not mention the Act by name.

On May 22, 2012, Doe filed an amended summons. An affidavit of service dated June 6, 2012, showed Doe served the summons to "Melody Millwood, Clerk of Court."

Doe subsequently filed a notice of appeal with this court. This court affirmed the circuit court in an unpublished opinion finding Doe's argument the circuit court erred in dismissing his action without applying the Act was not preserved for appellate review. *Doe v. City of Duncan*, Op. No. 2014–UP–400 (S.C. Ct. App. filed Nov. 12, 2014).

Thereafter, the supreme court granted Doe's petition for a writ of certiorari and held Doe's argument was preserved for appellate review. *Doe v. City of Duncan*, Op. No. 2015–MO–019 (S.C. Sup. Ct. filed Apr. 15, 2015). The court found "[a]lthough the circuit court judge did not specifically state he did not believe the Act applied in this case, he implicitly rejected [Doe]'s argument by finding the service was not timely." *Id.* The supreme court remanded to this court to rule on the merits of Doe's appeal. *Id.*

**LAW/ANALYSIS**

■ Doe argues the circuit court erred in dismissing his action without applying the Act. Specifically, Doe contends the Act preempts any state law time limits to file an action. We disagree.

■ Pursuant to Rule 3(a), SCRCP,

[a] civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

The Act is "to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Murdock v. Murdock*, 338 S.C. 322, 330, 526 S.E.2d 241, 246 (Ct. App. 1999) (quoting *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943)). The applicable section of the Act, entitled "Tolling of statutes of limitation during military service" states:

The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

50 U.S.C. § 3936(a).[3]

■ Doe contends the circuit court erred in dismissing his action without applying the Act. Although the circuit court did not specifically state it did not believe the Act applied in this case, it implicitly rejected Doe's argument by finding service was not timely. *See Doe*, Op. No. 2015–MO–019. Accordingly, this issue is preserved.

We find the language of section 3936(a) applies only to toll statutes of limitation for *bringing* a suit, not serving or amending a suit. Doe argues "the action by the [the Act] to

---

3. 50 U.S.C. § 3936(a) was previously cited as 50 U.S.C. app. § 526(a).

suspend state law time limits necessarily includes the time provisions under SCRCP 3." Doe, however, does not cite any case law to support this argument. Other courts considering this issue have held the opposite, namely that once a suit is filed, section 3936(a) does not toll or extend any subsequent calculations of time such as the time in which to serve the defendant or the duty to prosecute a case. *See, e.g., Zitomer v. Holdsworth*, 449 F.2d 724, 726 (3d Cir. 1971) (affirming the trial court's dismissal of a suit for failure to prosecute and noting the Act's tolling provision "simply tolls the statute of limitations during the period of military service and has no applicability to an action duly filed and served within the applicable statute of limitations"); *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317, 320 (1961) (noting the Act's tolling provision "expressly applies to the limitation of time for *bringing* an action, not to a limitation of time for the continuing of process in an action already brought and avails the plaintiffs nothing"); *Thornley v. Superior Court in & for City & Cty. of San Francisco*, 89 Cal.App.2d 662, 201 P.2d 567, 568 (1949) ("There is nothing in section 525 of the federal act which purports to suspend this mandatory requirement of service. Respondent argues that the word 'proceeding' in section 525 of the federal act should be construed as applying to the service of summons or any other procedural step taken in the prosecution of the action. This is not sound."); *Puchek v. Elledge*, 160 F.Supp. 286, 287 (N.D. Ind. 1958) (noting the Act has no relation to service of process); *see also* 36 A.L.R. Fed. 420, § 12 (1978) ("The tolling provision of the [the Act] (50 App. U.S.C.A. § 525) is not applicable to, and cannot prevent the running of, time limitations governing the service of process in, or the prosecution of, actions already brought.").

In sum, we hold the Act's tolling provision applies only to toll statutes of limitations for *bringing* a suit. It does not apply to subsequent procedural timelines such as service of process. When, as here, a servicemember chooses to file suit during his time of military service, he cannot later rely solely on the Act to excuse his four-year delay in serving the defendant and prosecuting the action.

■ We further find the circuit court properly dismissed Doe's action because he did not serve the City or amend the complaint within the applicable statutory time period. We

disagree with Doe's assertion the applicable statute of limitations is the time period set forth in section 15–3–555 of the South Carolina Code.[4] Rather, because Doe's suit is against the City and his sole cause of action alleges negligence by the fire chief and other fire department officials, the suit is pursuant to the South Carolina Tort Claims Act (SCTCA). *See* S.C. Code Ann. § 15–78–70(a) (2005) (stating the SCTCA is "the exclusive remedy for any tort committed by an employee of a governmental entity"); S.C. Code Ann. § 15–78–200 (stating the SCTCA "is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty"); *Doe v. Greenville Cty. Sch. Dist.*, 375 S.C. 63, 70–71, 651 S.E.2d 305, 309 (2007) (noting a negligent supervision claim against the school district involving sexual abuse committed by a third party was brought pursuant to the SCTCA).

The SCTCA imposes a two-year statute of limitations on any action brought against the State or a subdivision thereof. *See* S.C. Code Ann. § 15–78–110 (2005). Because Doe's cause of action for negligent supervision allegedly occurred while he was a minor, the SCTCA's statute of limitations did not begin to run until his eighteenth birthday. *See* S.C. Code Ann. §§ 15–78–110 and 15–3–40 (2005). Accordingly, the statute began to run in February 2004.[5]

Doe enlisted in the military prior to the time the statute of limitations began to run for bringing a suit, and as noted above, the Act's tolling provision tolls the statute of limitations during a plaintiff's military service. The Act, however, tolls the running of the statute only during periods of *active* duty. *See* 50 U.S.C. § 3911(2), (defining "military service" as "active duty"); *Boone v. United States*, 78 Fed.Appx.

---

4. Pursuant to section 15–3–555(A), "[a]n action to recover damages for injury to a person arising out of an act of sexual abuse or incest must be commenced within six years after the person becomes twenty-one years of age or within three years from the time of discovery by the person of the injury and the causal relationship between the injury and the sexual abuse or incest, whichever occurs later." S.C. Code Ann. § 15–3–555(A) (2005).

5. Doe was born in February 1986. His actual birth date is not in evidence.

108, 110–11 (Fed. Cir. 2003) (noting the Act's tolling provision applies only to time in active duty); *Lazarski v. Archdiocese of Phila.*, 926 A.2d 459, 469 (Pa. Super. Ct. 2007) (noting that a plaintiff servicemember's non-active duty time in the military did not toll the state statute of limitations on his sexual abuse claim because "the [Act] expressly points to 'active duty' as the touchstone activating its tolling provisions.... There are gaps in appellant's active duty status.... As a result, because appellant has undisputed periods of inactive duty, the tolling provision of the [Act] would not apply to those dates").

During his military career (February 2003 to August 10, 2011), Doe served in the Army, the Army Reserve, and the Army National Guard. During that time, he was on active duty for a total of five years, eleven months, and fourteen days.[6] The statute began to run on Doe's eighteenth birthday, which occurred on an unknown day in February of 2004. Assuming it began to run on February 29, five months and twenty-one days had expired by the time Doe reached active duty status on August 19, 2004. The clock began to run again during Doe's first hiatus from active duty (October 8, 2004, to February 10, 2005), which allowed another four months and two days to expire. The clock resumed during Doe's second period of inactive duty (May 23, 2006, to January 29, 2007), during which another eight months and six days expired. The clock began to run again when Doe left military service on August 10, 2011.

The SCTCA's two-year statute of limitations on Doe's cause of action expired on February 11, 2012, at which point the

---

6. Normally, proof of military service, including periods of active duty service, are listed on Defense Department Form 214 (DD 214). Here, a DD 214 is not in the record. Instead, the record contains National Archives and Records Administration (NA) Form 13164, which extracts certain information from the DD 214. The NA 13164 indicates Doe's total term of service in the United States Army, Army Reserve, and Army National Guard was approximately eight years and seven months (we note although Doe's exit from service is listed as August 10, 2011, his entry date is listed only as February 2003). Service in the Army Reserve and National Guard do not necessarily require active duty service. The NA 13164 reflects Doe's tours of active duty. It also indicates his duty assignments, military education, and awards received as well as his discharge rank of Private. Although Doe's name on the form is redacted, neither party disputes it accurately represents Doe's military service.

window of time closed to serve the summons and complaint. Because neither document had been served on the City by that date, Doe failed to commence a civil action and dismissal was warranted. *See* S.C. Code Ann. § 15–3–20(B) (2005) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."); *Brown v. Evatt*, 322 S.C. 189, 194, 470 S.E.2d 848 850–51 (1996) (affirming dismissal when plaintiff failed to serve the summons and complaint); *Estate of Corley*, 299 S.C. 525, 527, 386 S.E.2d 264, 266 (Ct. App. 1989) (affirming dismissal when defendant was not served with a summons); *see also Louden v. Moragne*, 327 S.C. 465, 468–69, 486 S.E.2d 525, 526–27 (Ct. App. 1997) (affirming trial court's grant of summary judgment when plaintiff failed to serve the summons within the statute of limitations).

■ Additionally, as a result of Doe's failure to commence a civil action, no suit existed in which an amended complaint could be filed. Rule 15(a), SCRCP, provides:

A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party.

The plain language of Rule 15(a) allows an amendment only of a pleading that has been served. Doe failed to serve the 2008 summons and complaint. Accordingly, we find, pursuant to Rule 15, SCRCP, Doe's service of the February 2012 amended complaint was a nullity.

## CONCLUSION

The circuit court's dismissal of Doe's action is

**AFFIRMED.**

KONDUROS, J., and FEW, A.J., concur.