**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jefferson Davis, Jr., Appellant,

v.

Ellen Weaver, Chad Connelly, Oran P. Smith, Neil J. Mellen, Howard S. Rich, Rick Reames, Stephen D. Kirkland, Palmetto Promise Institute, Palmetto Family Council, Palmetto Family Alliance, South Carolinians for Responsible Government, SCRG Foundation, Access Opportunity South Carolina, Friedman Foundation for Educational Choice, Inc., Cato Institute, South Carolina Educational Credit for Exceptional Needs Children Fund, South Carolina Education Oversight Committee, South Carolina Department of Revenue, South Carolina Department of Labor, Licensing and Regulation, First Impressions, Inc., d/b/a Richard Quinn & Associates, First Tuesday Strategies, LLC, Bill Wilson, Jason Bedrick, Jim DeMint, Randy Page, Tony Denny, Phillip Cease, Melanie Barton, Doris Cubitt, Susan Thomas, John McCormick, Nate Leupp, Institute of Management Consultants USA, and John Doe(s) 1-40, Respondents.

Appellate Case No. 2019-000648

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2022-UP-104
Submitted February 1, 2022 – Filed March 9, 2022

**AFFIRMED**

Jefferson Davis, Jr., of Greenville, pro se.

Miles Edward Coleman, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondents Howard S. Rich, SCRG Foundation, and Cato Institute.

M. Dawes Cooke, Jr., and Justin Paul Novak, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston; and Geoffrey Kelly Chambers, of Green Cove Springs, Florida, all for Respondent South Carolina Educational Credit for Exceptional Needs Children Fund.

Christopher J. Daniels, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent Friedman Foundation for Educational Choice, Inc.

Joseph M. McCulloch, Jr., and Kathy R. Schillaci, both of McCulloch and Schillaci, of Columbia, for Respondent First Tuesday Strategies, LLC.

Mark Steven Barrow and Martin S. Driggers, Jr., both of Sweeny Wingate & Barrow, PA, of Columbia, for Respondents Palmetto Family Council and Palmetto Family Alliance.

Andrew Elliott Haselden, of Howser Newman & Besley, LLC, of Charleston, for Respondents South Carolina Department of Labor, Licensing and Regulation and Doris Cubitt.

Kenneth Allen Davis and Tierney Felicia Goodwyn, both of Boykin & Davis, LLC, of Columbia, for Respondents South Carolina Education Oversight Committee and Melanie Barton.

Mark V. Gende and Brandon Robert Gottschall, both of Sweeny Wingate & Barrow, PA, of Columbia, for Respondents South Carolinians for Responsible Government and Phillip Cease.

Douglas Walker MacKelcan, III and Skyler Cole Wilson, both of Copeland, Stair, Valz & Lovell, LLP, of Charleston, for Respondent Stephen D. Kirkland.

R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia; and Alan G. Jones, of Turner Padget Graham & Laney, PA, of Greenville, both for Respondent Tony Denny.

Benjamin Parker Mustian, of Columbia, for Respondent First Impressions, Inc., d/b/a Richard Quinn & Associates.

William H. Davidson, II and Michael Brian Wren, both of Davidson, Wren & DeMasters, of Columbia, for Respondents Rick Reames and South Carolina Department of Revenue.

Jennifer Foulk Nutter and Deborah Harrison Sheffield, both of Hood Law Firm, LLC, of Charleston, for Respondent Institute of Management Consultants USA.

--------

**PER CURIAM:** Jefferson Davis, Jr. appeals the circuit court's order dismissing his amended complaint with prejudice for failure to timely serve Respondents. On appeal, Davis argues the circuit court erred in (1) misinterpreting a prior court order and (2) dismissing his case with prejudice instead of allowing him to serve his amended complaint. We affirm.

We hold the circuit court did not err in dismissing Davis's complaint with prejudice. A prior court ordered Davis to name and serve Respondents previously named as John Does 1-20 within fifteen days of the court's order. Davis failed to serve them within the time prescribed in the court's order. Moreover, Davis previously had an opportunity to amend his complaint and failed to comply. Thus, the circuit court did not err in dismissing Davis's complaint with prejudice. *See*

*Doe v. City of Duncan*, 417 S.C. 277, 285-86, 789 S.E.2d 602, 606 (Ct. App. 2016) (concluding the circuit court properly dismissed Doe's action because he did not serve the City within the statutory timeframe and, thus, did not commence a civil action); *Brown v. Evatt*, 322 S.C. 189, 194, 470 S.E.2d 848, 850-51 (1996) (finding the court properly dismissed the plaintiff's action when the plaintiff failed to serve the summons and complaint); *Georganne Apparel, Inc. v. Todd*, 303 S.C. 87, 92, 399 S.E.2d 16, 19 (Ct. App. 1990) (finding the trial court did not err in dismissing the plaintiff's causes of action with prejudice when the relief granted "was not too harsh under the totality of the circumstances" and the plaintiff had been given an opportunity to litigate).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.