**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jefferson Davis, Jr., Appellant,

v.

Nate Leupp, Automatic, Inc., Facebook, Inc., John Does 1-40, Defendants,

of which Nate Leupp, Facebook, Inc., and John Does 1-40 are Respondents.

Appellate Case No. 2020-001075

———————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-332
Heard September 12, 2023 – Filed October 18, 2023

———————

**REVERSED AND REMANDED**

———————

Jefferson Davis, Jr., of Greenville, SC, pro se.

Geoffrey Kelly Chambers, Esquire of Green Cove Springs, FL, for Respondent Nate Leupp.

———————

**PER CURIAM:** Jefferson Davis, Jr. appeals a circuit court order dismissing his defamation action against Nate Leupp with prejudice under Rule 12(b)(8), SCRCP.

Davis brought this case in Greenville County. The circuit court dismissed the case because it found the Greenville action was duplicative of a lawsuit Davis brought in Richland County—*Davis v. Weaver*, Case No. 2018-CP-40-2425.

There is no doubt both of these lawsuits involved some of the same background information, had nearly (if not exactly) identical causes of action, and requested the same relief. But dismissal under Rule 12(b)(8) is only "proper when there is (1) another action pending, (2) between the same parties, (3) for the same claim." *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 105, 674 S.E.2d 524, 531 (Ct. App. 2009) (citing Rule 12(b)(8), SCRCP).

Davis is correct that the first element is lacking here. "Until an action is commenced, there is no proceeding pending . . . ." *Chabek v. Nationwide Mut. Fire Ins. Co.*, 303 S.C. 26, 28, 397 S.E.2d 786, 787 (Ct. App. 1990) (finding an action must have commenced to be deemed pending for purposes of referrals to masters or special referees); *see also Doe v. City of Duncan*, 417 S.C. 277, 286, 789 S.E.2d 602, 607 (Ct. App. 2016) (finding "as a result of Doe's failure to commence a civil action, no suit existed in which an amended complaint could be filed"). The record plainly establishes the Richland action never commenced against Leupp because Leupp was never served with the summons and complaint. *See Estate of Corley*, 299 S.C. 525, 527, 386 S.E.2d 264, 266 (Ct. App. 1989) (citing Rule 3(a), SCRCP) ("A civil action in this state [does not] commence[]" until the "filing and service of a summons and complaint."); *Doe*, 417 S.C. at 286, 789 S.E.2d at 606 (citations omitted) ("Because neither [the summons nor complaint] had been served on the City by [the applicable] date, Doe failed to commence a civil action . . . .").

To his credit, Leupp concedes he was never served with the Richland action. We could not find any evidence in the record or on the public index that Leupp ever made an appearance in the Richland action or its appeal. *See* Rule 4(d), SCRCP (allowing voluntary appearance to satisfy the service requirement for commencement). Without the commencement of the Richland action against Leupp, that case could not have been "pending" against him.

This same reasoning applies to the second element of the Rule 12(b)(8) analysis: that multiple suits be pending *between the same parties*. It is a long-standing principle that "[n]o person can be made a defendant in a cause, *except by the process of law or by his [or her] own consent*." *Marshall v. Drayton*, 11 S.C.L. 25, 26 (Const. Ct. App. 1819) (emphasis in original) (explaining being named in a judgment is not sufficient for a person to be deemed a party to the suit). To be a party to an action, one must be served with the summons and complaint or

voluntarily appear. *See* Rule 3(a), SCRCP; Rule 4(d), SCRCP; *see also Ex parte S.C. Dep't of Motor Vehicles,* 390 S.C. 457, 457, 702 S.E.2d 568, 568 (2010) (finding the South Carolina Department of Motor Vehicles (SCDMV) was not a party to the suit because (1) service was effected on the State, not the SCDMV and (2) "[a]t no time did the SCDMV file a motion to intervene under Rule 24, SCRCP"). Though Davis named Leupp as a defendant in his amended complaint in the Richland action, Leupp was never served. That action was thus not an action "between" Davis and Leupp.[1]

Based on our disposition of the Rule 12(b)(8) issue, we decline to address Davis's additional argument that he should have been granted leave to amend his complaint. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive). Because the Richland action was never pending between Davis and Leupp, the circuit court's dismissal is

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] The caption of this appeal lists Leupp; Facebook, Inc.; and John Does 1-40 as Respondents. However, it appears no one other than Leupp was served with notice of this appeal. No parties other than Davis and Leupp have participated in the appeal.